IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

            v.              **Criminal No.** 17-495 (FAB)

ORLANDO DÁVILA-BONILLA,

    **Defendant**.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Orlando Dávila-Bonilla ("Dávila")'s motion requesting recusal or disqualification of Puerto Rico district judges and transfer of venue pursuant to Federal Rule of Criminal Procedure 21 ("Rule 21".) (Docket No. 35.) For the reasons set forth below, the Court **DENIES** Dávila's motion.

**I. BACKGROUND**

A federal grand jury returned an indictment charging Dávila with "resisting, opposing, impeding, intimidating, or interfering" "with officers of the United States Probation Office in San Juan, Puerto Rico, while they were engaged in, or on account of the performance of, their official duties," in violation of 18 U.S.C. section 111(a)(1) ("section 111"). (Docket No. 32 at p. 1.) The indictment also charges Dávila with threatening probation

officers, in violation of 18 U.S.C. section 115(a)(1)(B) ("section 115").  Id. at pp. 1-2.

Dávila moves to transfer his criminal proceedings out of the District of Puerto Rico because "[t]he overall circumstances of the case inevitably create the appearance of bias and of a potential injustice."  (Docket No. 35 at p. 2.)  He argues that "[t]his case presents very unusual circumstances because the alleged victims and most, if not all, of the potential witnesses are member [sic] of this District Court's family."  Id. at p. 9.  He contends that the probation officers "have a close relationship with the Court;" that "the Court cannot guarantee that the witnesses' membership to [sic] the Court's family will not serve as an advantage;" and that "the alleged victims and witnesses could have access to all of Dávila's filings."  Id. at pp. 9-10.  Dávila asserts that "the physical closeness of the place where the facts occurred to the place where Dávila's trial will take place cannot be undermined" and concludes that "whether the advantage is actual or only appears be [sic] an advantage, it is sufficient to make this venue inappropriate for conducting an impartial and fair trial as required by Rule 21."  Id. at p. 11.  The Court disagrees.

## II. DISCUSSION

### A. Legal Standard

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to trial by an impartial jury. Skilling v. United States, 561 U.S. 358, 377 (2010). While "[b]y constitutional design, [] trial occurs 'in the State where the . . . crimes . . . have been committed,'" a defendant may move to transfer the proceeding if "extraordinary local prejudice will prevent a fair trial." Id. at 377-78 (quoting U.S. Const. art. III, § 2, cl. 3). When a defendant moves to transfer venue, "the court must transfer the proceeding against the defendant to another district court if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a).

Transfer of venue pursuant to Rule 21(a) is required "where there is an ever-prevalent risk that the level of prejudice permeating the trial setting is so dense that a defendant cannot possibly receive an impartial trial." United States v. Quiles-Olivo, 684 F.3d 177, 182 (1st Cir. 2012). This prejudice may be established "where the facts show that jury prejudice should be presumed, and if prejudice should not be presumed, that the jury was actually prejudiced against the defendant." Id. (internal

quotation marks and alteration omitted.) Rule 21(a)'s requirements "almost exclusively" apply to cases "in which pervasive pretrial publicity has inflamed passions in the host community past the breaking point." United States v. Walker, 665 F.3d 212, 223 (1st Cir. 2011).

"A court also may transfer a criminal case to another district 'for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.'" Walker, 665 F.3d at 223 (quoting Fed. R. Crim. P. 21(b)). "Generally, venue change under Rule 21(b) may be warranted depending on a number of factors, the significance of which inevitability will vary depending on the facts of a given case." Quiles-Olivo, 684 F.3d 184 (citing Platt v. Min. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964). Those factors include the location of the parties, potential witnesses, contested events, relevant documents, and counsel, expense to the parties, overall accessibility of the trial location, and any other special factor. Id. at 185 (citing Platt, 376 U.S. at 243-44). The Court may transfer a case if a defendant demonstrates that the change is *both* convenient and in the interest of justice, "[g]iven that Rule 21(b) lists 'convenience' and 'interest of justice' conjunctively." Id. (citing Fed. R. Crim. P. 21(b); Walker, 665 F.3d at 224).

**B.   Rule 21(a) Transfer for Prejudice**

Dávila's arguments for a Rule 21(a) transfer are unpersuasive because the First Circuit Court of Appeals has upheld district court denials of transfer based on similar contentions. See Walker, 665 F.3d at 222-25; Quiles-Olivo, 684 F.3d at 181-86. In Walker, the defendant moved for a change of venue because the victim was a court reporter who worked closely with the chief judge of the court. Walker, 665 F.3d at 222. The defendant argued

> that the jurors may have given extra credence to [the victim]'s testimony because of her position and because of testimony that . . . []the chief judge of Puerto Rico's federal district court[] had "vouched" for [the victim] in [out-of-state] proceedings and had encouraged her to contact the FBI when she learned of the [defendant]'s planned trip to Puerto Rico.

Id. In upholding the district court's denial of transfer, the First Circuit Court of Appeals held that "there is no hint that the contretemps between [the victim] and the appellant had captured the attention, of the wider community or that pretrial publicity had tainted the jury pool." Id. at 222. The court insisted that "[t]he mere fact that the victim of a crime is a court employee in the district is not, in and of itself, a reason sufficient to compel a transfer of venue." Id. at 223. Moreover, the court ruled that "this case was not about the chief judge, who neither presided over the trial nor appeared as a witness," and that "[a]ny

concerns about an artificial inflation of [the victim]'s credibility due to either her position at the courthouse or her relationship with [the judge] easily could have been addressed by cautionary instructions." Walker, 665 F.3d at 223-24.

In Quiles-Olivo, the defendant moved for transfer after being charged with striking a computer monitor and smashing a scanner in the Clerk's Office. Quiles-Olivo, 684 F.3d at 180.[1] The defendant argued that

> all government witnesses . . . in his case are courthouse employees who would inevitably be entitled to greater deference at trial due to their status as "members of the district court family." Moreover, all court staff, including the judge, are too connected—by virtue of their physical job placements—to the scene of the allegations.

Id. at 185. Upholding the district court's denial of transfer, the First Circuit Court of Appeals "decline[d] to hold that because appellant's crime occurred in the same district and at the same courthouse in which is trial is to be held, an automatic presumption of unfairness is triggered, effectively foreclosing any opportunity for a fair trial." Id. at 184. The court held that "there is no indication (nor does [the defendant] point us to such evidence) that [the defendant]'s altercation with the

---

[1] After the defendant damaged the equipment in the Clerk's Office, "[o]ne of the two employees present hit the panic button," and "[s]everal U.S. Marshals, court security officers, and federal agents arrived soon thereafter and arrested [the defendant]." Id.

computer equipment entered the local zeitgeist to such a magnified or spectacular extent that it might have tainted the jury pool." Id. at 182. The court also noted that "the judge did not witness the events." Id. at 184.

Dávila's attempt to distinguish his case from Walker and Quiles-Olivo is unavailing. Similar to Walker and Quiles-Olivo, Dávila does not indicate any publicity or media attention that would prejudice the jury pool "past the breaking point," nor does he express any concern that cannot be addressed by the Court through cautionary instructions to the jury. See Walker, 665 F.3d at 223. The "mere fact" that the victims are probation officers with offices in the Federico Degetau Federal Building, located next to the Clemente Ruiz Nazario United States Courthouse, "is not, in and of itself, a reason sufficient to compel transfer of venue," see id., nor does the fact that the alleged crime occurred on the fourth floor of the federal building produce an automatic presumption of unfairness. See Quiles-Olivo, 684 F.3d at 184. The Court did not witness the events involved in Dávila's case, see id. at 184, and his contention that the victims and witnesses would have "unlimited access" to Dávila's sealed filings is unfounded. (Docket No. 35 at p. 10.) Accordingly, the Court finds that Dávila's motion is inadequate for the purpose of Rule 21(a).

**C.  Rule 21(b) Transfer for Convenience and Justice**

The Court rejects Dávila's request for a Rule 21(b) transfer because Dávila presents no argument or evidence supporting a transfer for convenience. See Quiles-Olivo, 684 F.3d at 185; Docket No. 35 at p. 11. To prevail on a motion for transfer pursuant to Rule 21(b), Dávila must demonstrate that a change in venue is both convenient and in the interest of justice. See Quiles-Olivo, 684 F.3d at 185. Dávila's request demonstrates neither component. See Docket No. 35 at pp. 3-4, 11. While Dávila sets forth the legal standard for Rule 21(b), he fails to illustrate how the law supports the transfer of his case. See id. At no point does he suggest that a change of venue would be convenient for any party or witness. See id. Indeed, Dávila's own arguments for a Rule 21(a) transfer reinforce the conclusion that the current venue is convenient for all parties, witnesses, counsel, and evidence involved. See id. at p. 9 ("[T]he alleged victims and most, if not all, of the potential witnesses are member [sic] of this District Court's family."). Accordingly, the Court finds Dávila's motion insufficient for the purpose of Rule 21(b).

**II.  CONCLUSION**

For the foregoing reasons, Dávila's motion requesting recusal or disqualification of Puerto Rico district judges and transfer of venue (Docket No. 35) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 4, 2018.

                                                   s/ Francisco A. Besosa
                                                   FRANCISCO A. BESOSA
                                                   UNITED STATES DISTRICT JUDGE